UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMY L. RINGLE,<br><br>   Plaintiff,<br><br>  v.<br><br>KIOLO KIJAKAZI, Acting Commissioner of<br>the Social Security Administration,<br><br>   Defendant. | CAUSE NO.: 3:19-CV-986-TLS |

OPINION AND ORDER

This matter is before the Court on a Motion for an Award of Attorney Fees Under 42 U.S.C. 406(b) [ECF No. 24], filed on July 27, 2021. The Defendant filed a response on August 6, 2021, indicating no objection to the requested fee provided the Court finds the fee reasonable. For the reasons stated below, the Motion is GRANTED.

BACKGROUND

On May 24, 2016, the Plaintiff filed applications for supplemental security income and disability insurance benefits, alleging disability beginning on June 29, 2013. AR 10, ECF No. 10. After the Administrative Law Judge issued an unfavorable decision, the Plaintiff filed a Complaint [ECF No. 1] in this Court on November 4, 2019. On July 21, 2020, the Court reversed and remanded this case for further proceedings. *See* ECF No. 19. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits, twenty-five percent of which was withheld for the payment of attorney fees in the amount of $24,618.00. *See* Notice of Award 4, ECF No. 25-3.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $24,618.00. Pl.'s Mem. 1, ECF No. 25. In the retainer

agreement, the Plaintiff agreed to pay her attorney twenty-five percent of all past-due benefits. *See* Fee Contract, ECF No. 25-1. Counsel was previously awarded $2,368.00 in attorney fees pursuant to the Equal Access to Justice Act (EAJA), which counsel will refund to the Plaintiff if fees are awarded under § 406(b). *See* Pl.'s Mem. at 2, 6–7; *see also* Nov. 9, 2020 Order, ECF No. 23. Counsel represents that he will not request attorney fees under 42 U.S.C. § 406(a) for work performed at the administrative level. *See* Pl.'s Mem. at 6.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $2,368.00 in EAJA fees, requests $24,618.00 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* at 808. In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement, and counsel will refund the $2,368.00 in EAJA fees to the Plaintiff. Although counsel is entitled to an additional award of attorney fees under § 406(a) for work at the administrative

level, counsel has stated that he will not request the § 406(a) fee. Counsel represents that 12.8 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $1,923.00. *See* Pl.'s Mem. at 5. While this hourly rate is on the high end of the range normally awarded under § 406(b), the hourly rate is reasonable given the contingent nature of this case, the favorable past-due benefit award, the benefit the Plaintiff will receive in future monthly payments, and counsel's representation that he will not request a § 406(a) fee award. *See Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at *1–2 (N.D. Ill. Nov. 29, 2017) (awarding attorney fees with an hourly rate of $1,612.28 and citing cases supporting the court's holding); *Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery in social security cases . . . ."); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion for an Award of Attorney Fees Under 42 U.S.C. 406(b) [ECF No. 24] and AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $24,618.00. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $2,368.00 in EAJA fees previously awarded in this case.

SO ORDERED on August 11, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT